JONATHAN HARRIS *versus* CALEB CLAP AND WILLIAM WHITTEMORE.

*Interest* beyond the penalty of a bond may be recovered in the shape of damages, even against a *surety.*

THIS was an action of debt on a bond, bearing date the 3d day of November, 1797, in which the defendants were jointly and severally bound to the plaintiff in the penal sum of $5000; to which there was a condition, that whereas the said *Harris* and *Clap* had, on the day of the date of the bond, mutually chosen *A, B,* and *C,* to arbitrate, determine, and award, concerning the demands of said *Clap* against said *Harris* for the carpenter's work done on his new house in *Boston,* and concerning other matters between the said parties, specially stated in writing and annexed to their agreement of reference by them respectively acknowledged the same day before *S. B. Esq.,* a justice of the peace for *Suffolk* county; and, therefore, that if said *Clap,* his executors, or administrators, for his and their parts, should, and did, well and truly abide and perform the final determination and award of the aforesaid referees, or the major part of them, in all acts and things concerning the said demands submitted as aforesaid; and, further, if the said *Clap* should pay, or cause to be paid, such balance or sum of money as said referees should award, within one hundred and twenty days after the making of such award, unto him, said *Harris,* his [ * 309 ] executors, administrators, or assigns, with interest * therefor after said one hundred and twenty days, then the said obligation to be void—otherwise to be and remain in full force.

Upon hearing the parties to the rule of reference, the referees awarded that *Clap* should pay to *Harris* the sum of $4618 62 cents, in full satisfaction of the demands submitted, which award was returned to and accepted by the Court of Common Pleas for this county at January term, 1798; and judgment there rendered that *Harris* recover against *Clap* that sum in damages; and costs of suit. At the *then* next term of the Supreme Judicial Court

hoiden at *Boston* in Feb. 1798, *Clap* petitioned this Court for a review of the cause, and the Court ordered the report to be recommitted to the same referees for their reconsideration ; one of whom refusing to sit again in the cause, the order was rendered ineffectual. Thereupon *Clap* applied to the legislature, and obtained a *resolve* authorizing this Court to grant a review of the cause, if they thought proper. On a petition to the Court for the purpose of obtaining a review, entered several terms since, and continued to this term, it was determined that no review should be granted. Upon which the defendants confessed the forfeiture of the bond declared on ; and the question for the consideration of the Court was, what sum the plaintiff was entitled to recover against the defendants.

For the plaintiff it was contended that he was entitled to recover the amount of the sum awarded, with the interest thereof after the expiration of one hundred and twenty days from the time of the acceptance of the award in the Court of Common Pleas. It is true the sum awarded with interest will exceed the amount of the penalty of the bond ; but this Court have in divers instances gone beyond the penalty—giving judgment for the penalty, in debt ; and for the excess in the name of damages * for the detention of [ * 310 ] the debt. This has been frequently done also by the courts in *England.* 2 *Term Rep.* 388, *Lord Lonsdale* vs. *Church,* and the cases there cited. The case now before the Court is at common law, and the Court do not proceed in it under our own statute relative to penalties or forfeitures confessed ; for although the defendants have confessed the forfeiture, yet they have not prayed to be heard in chancery. But if this be not so, yet as the Court are authorized by the statute to enter up judgment for what is due in equity and good conscience, they may go beyond the penalty, so far, at least, as to the amount of legal interest on it, which is sufficient, and more than sufficient, to cover the equitable demand of the plaintiff in this case. On the other hand, if the sum equitably due falls short of the penalty, the Court will reduce the penalty, and enter judgment for the sum only which is equitably due. The cases in which the courts have refused to go beyond the penalty are those of bonds conditioned for the performance of a collatera. act, in which the party had no rule, no certain measure by which he could determine what sum he ought actually to pay : that is not the present case ; for although, at the time of entering into the bond, it was uncertain what the award would be, yet long before the commencement of the present action, which was the 13th day of June, 1798, the award was made, what was before contingent had been made certain, and the defendants, as to their precise duty, were in

Harris *vs.* Clap & Al.

the same situation as if the sum to be paid by them had been *expressed* in the condition of the bond itself.

For the defendants it was insisted that there had been no case in which a *surety* had been holden beyond the penalty; whether the condition was for the payment of a sum of money, or for the performance of a collateral act. But in this case the award [ * 311 ] has * not been established and accepted by the Court until the present term, two days since: if the plaintiff asks for interest, on the sum awarded, for those two days, the defendants do not contend against the allowance. There was no duty, no obligation on the surety, until the final acceptance and establishment of the award by the decision in this Court—*he* has not been in fault—*he* had nothing to do with the applications for a review of the decision of the referees; all the proceedings relative to the subject, excepting in the present action, have been between *Clap* and *Harris*. At the moment it is determined that the award is binding, the forfeiture of the bond is confessed; and if *Clap*, the principal, ought to be holden to pay the sum awarded with interest, as contended for by the plaintiff's counsel, it by no means follows that *Whittemore*, the surety, is also holden. It is indeed true that whatever judgment is entered in the present case must bind the surety as well as the principal, the action being against them jointly. But the plaintiff has a remedy for his whole claim; if he cannot obtain it in this action, he may bring an action of debt on the judgment which was rendered in the Court of Common Pleas, on the award, and in that action he will recover against *Clap* whatever may remain due after deducting the sum recovered by this action on the bond. To *that* judgment the plaintiff *must* resort to recover the costs *there* adjudged to him; it not being pretended that those costs can be recovered in the present action. And by a statute of our own upon the subject, he will be entitled, in such action of debt, to recover *interest* both on the damages and costs of the former judgment.

In reply it was said, as before, that the debt accrued by the acceptance of the award in the Court of Common Pleas; and at the expiration of 120 days from that time it was equally the [ * 312 ] duty of the * principal and surety to pay the sum awarded; and, therefore, in *this* action against them jointly, interest ought to be computed from that time; that the surety, as much so as the principal, was bound to the extent of the penalty of the bond; that the extent of the penalty was the sum of it in debt, and interest at the rate of 6 per cent. for the detention; that the surety was as fully answerable in equity and good conscience as the

principal; that the proceedings to get rid of the award could not affect the rights of the plaintiff upon the bond; that if, as is conceded, an action of debt may be brought on the judgment in the Common Pleas against *Clap,* and the whole amount thereof recovered of him, with interest; it follows, of course, that the award is to be considered as established by its acceptance in *that* Court—and if so, the bond was forfeited at the moment after 120 days had elapsed from the time it was so accepted. The proceedings in *this* Court have not been had by the plaintiff, for the acceptance and establishment of the award; by the acceptance in the court below, he was in possession of a good, valid award, and a judgment upon it. The proceedings have been had by *Clap* for the purpose of avoiding the award and judgment; and after all the delay which has been occasioned by the defendants, the parties are precisely in the situation they would have been had no objection ever been made to the award, or any attempt made to vacate the judgment of the Common Pleas upon it.

THACHER, J., said he had no doubt that the Court might go beyond the sum of the penalty of a bond, by allowing as damages for the detention of the debt, the interest upon the penalty; that in the present case he was of opinion the award had its force from the acceptance of it in the Court of Common Pleas, and judgment *th re* upon it; that as *that* judgment would draw interest, so also *ought the bond after 120 days had expired from [ * 313 ] the rendition of the judgment.

SEWALL, J. The question for the consideration of the Court is whether judgment may be entered for an amount exceeding the penalty of the bond.

The condition of this bond is, to pay such sum as should be awarded by referees appointed by the plaintiff and *Clap,* the principal in the bond, for the adjustment of certain demands between them, within one hundred and twenty days after the award should be made. A certain sum was awarded to *Harris* to be paid by *Clap ;* which award, being returned into the Court of Common Pleas, was there accepted and confirmed by a judgment of that Court rendered thereon. The plaintiff has been delayed until this time, from having the effect of that judgment, by an attempt to review the action; which attempt, by a decision at this term, has entirely failed, and he now prays for judgment on this collateral bond. In ordinary cases, where the amount would be short of the penalty, the judgment would be entered for the sum awarded with legal interest thereon from the time of payment, according to the intent of the condition; and affording to the obligor the benefit of the

chancery powers of this Court pursuant to the statute in such case provided. In the present case, the sum awarded, and interest upon it from the time of payment, exceeds the penalty; and hence the present question of the extent of the sum for which judgment may be entered. This Court, especially in a case where a surety may be affected, cannot exceed the express contract of the parties, and the *legal* effect of it. At the common law, the penalty of a bond is recoverable, with damages, for the detention of it from the demand or other time of payment. The penalty is recoverable by the express contract of the parties; and the damages, esti-

[ * **314** ] mated at the lawful interest of the *penalty, are the legal effects of their contract. To this amount then the obligors in a bond are liable at law; and this Court are not authorized by the statute to mitigate or abate this sum, unless it exceed the sum due and the damages actually sustained by the plaintiff. In this case, the amount awarded by the referees, and interest thereon, from the time of payment, is due from *Clap*, one of the obligors, according to equity and good conscience; but in this suit the plaintiff cannot recover beyond the penalty of this bond, and the damages for the detention of it; which may be considered as legally demanded at the service of the writ. The penalty and interest from the demand must be the measure of the judgment; not exceeding, however, the sum awarded, and interest upon it from the time of payment, according to the condition of the bond. And the judgment must be entered for that amount, *viz.*, $5000, as recovered for the debt, and the residue as *damages*, for the detention of the debt.

SEDGWICK, J., after stating the case, and observing that the amount of the award in favor of *Harris*, with interest thereon, computed from the end of 120 days, from the time it was accepted by the Court of Common Pleas, greatly exceeded the penalty of the bond. The question is, whether the excess beyond the penalty, can be recovered in the name of damages. And I am of opinion that it cannot. Were the action solely against *Clap*, the principal, the question in equity, and, as I conceive, in law, would be wholly different. At the time the submission was made to referees, by *Harris* and *Clap*, the surety had no means of knowing—it was impossible he should know—what amount would probably be awarded against his principal. To the amount of $5000 he was willing to be responsible, but no further. And yet, if the sum awarded against him by *our* judgment be more than the penalty, he will,

[ * **315** ] without any fault of his, * without any practice of delay, on his part, and merely in character of surety, be made

responsible to a greater amount than he ever consented to assume. Barely stating the facts presents, to my judgment, so strong a case that it is incapable of being fortified by arguments.

I have said that the surety was in no fault; that he had practised no delay. He never undertook to pay but on the contingency of an award against his principal; and it is agreed on all hands, and was admitted by the counsel for the plaintiff, in the argument, that the award would not create any obligation upon him until it was established by the Court. Till this term of this Court it never was established; for although it was accepted by the Court of Common Pleas, yet it was so removed to this Court that no execution could issue on the judgment. Can it, in any sense, be said that, while the judgment was so suspended, and its validity a question depending and undecided before the Supreme Court of Judicature of the commonwealth, the surety was in fault for not deciding what has remained *here* for years undecided? Let it be again remembered that *this* suit depended altogether on that upon the award, and that unless *that* was decided against the principal, there never could be a recovery against the surety. But it may be said that *this* defendant might have brought the money into court to the amount of the award, and that he ought to have done it if he would excuse himself from the payment of damages. To this there are two answers. In the *first* place, that there was nothing due until the award was accepted, and that acceptance rendered valid and *effectual* by the decision of this Court; and in the *second*, that by bringing the money into court, *this* defendant would have admitted the plaintiff's action to the amount of the sum *so* brought in; and of course, had the award been set aside, the payment would have been in his own wrong.

*Thus far have I gone on *principle*; but I had [ * 316 ] thought that this case was decided on *authority*. I had supposed it had been long settled that a surety was never to be bound beyond the *express* terms of his contract. Many decisions to that purpose might be produced, but I will cite only one; which I conceive to be a very strong one. In *Stratton* vs. *Rastal*, 2 *Term Rep.* 366, it was determined that, " where an annuity bond granted by *two* becomes void, by the neglect of the grantee in not registering a memorial under the statute, he cannot recover back any part of the consideration money from the one who was known to be only a surety for the other, and had not in truth received any part of it, notwithstanding they both signed a receipt for it." In *that* case it appeared from the whole of the transaction that the plaintiff had no confidence in the *principal*, but relied wholly on the *surety*. Yet it was determined that the action could not be supported. And

that great judge, *Buller*, laid it down as undoubted law that *against a surety a contract cannot be carried beyond the strict letter of it.* Now in this case the surety never undertook beyond the penalty of the bond ; he has practised no delay. Till within a very few days he did not know, nor could he know, unless he was wiser than those who are to pronounce the law, that the contingency had happened, or ever would happen, whereby he had, or ever should, become indebted to the plaintiff.

From every view which I have been able to take of the subject, I should have concluded with confidence (but for my respect for those from whom I have the misfortune to differ in opinion) that the plaintiff's demand would have been bounded by the amount of the penalty of the bond. Whether I am right or wrong, I cannot resist the impression that the case of the surety is indeed [ * 317 ] a hard one, * inasmuch as he is to be mulcted in damages for not knowing a fact resulting from principles of law ; that the contingency had happened by which a duty had devolved on him, while it was a question which had induced an interference of the legislature, and while the decision of the question was suspended in this Court.

STRONG, J. In this case one question is, At what time did the sum awarded by the referees become due ? Was the award binding from its acceptance in the Court of Common Pleas, or does its validity depend upon the decision of this Court a few days since upon the application of *Clap* to review the judgment of *that* court ? I am of opinion that the award is to be considered as having its force and validity from its acceptance in the court below. It is true that the *principal* has ever since been resisting the payment of the sum awarded, and endeavoring to get the judgment of the Court of Common Pleas annulled or reversed. He has made his application to *this* Court for that purpose ; he has been fully heard, and we have, at this term, unanimously determined that the application was groundless; that he had no reason to contend. It appears, therefore, that the principal has been all this time acting in his own wrong. The next and principal question then is, What damages shall the plaintiff recover ? Shall he recover the sum awarded with interest, after 120 days, from the time of the acceptance of the award in the Court of Common Pleas, or are the Court limited to the sum of the penalty of the bond ? It has been said that although the Court may in some cases give interest by way of damages beyond the penalty of a bond, yet that it cannot legally be done against a *surety*. I admit that there are cases in which a difference has been made between the obligations of the principal and the surety in certain contracts; but I do not think *this*

to be one of those cases ; nor can I * see the distinction [ * **318** ] which my learned brother (SEDGWICK, J.) has taken in the case. Here both the defendants have bound themselves *jointly*, as well as severally, in the same words in a penalty. If the words are sufficient, in case the action had been brought against the principal alone, to have authorized the Court to go beyond the penalty of the bond in a judgment against him, then surely the *same words* must be sufficient for a like purpose in the present action ; and to say that they are not, seems to be absurd. What, then, is the law as to going beyond the penalty ? The law, as I understand it, says that every man who binds himself in a penalty is *liable* to pay not only the whole penalty—the debt—but also the legal interest of it as damages for the detention. This rule of law extends to all cases where the condition of the bond is for the payment of money—or where the value of the condition, if I may so express it, is equally capable of being ascertained as though the sum had been expressed in the condition—which is the present case. When the surety entered into the bond, he knew, or ought to have known, that he was bound to that extent. Every man is presumed to know the law. He undertook that the principal should perform the award ; this was the contract made by the surety ; the award has not been perform ed ; and, therefore, the defendants must answer in damages for the non-performance ; these damages are the amount of the sum awarded, with the interest thereof, after the expiration of 120 days from its acceptance in the Common Pleas ; and the plaintiff is entitled to judgment for that amount in the manner already mentioned.

DANA, C. J., (after stating the case,) said—At the time of executing the bond it was uncertain what sum, if any, would be awarded against *Clap :* * this was made certain by [ * **319** ] the award, that is, by the acceptance of it in the Court of Common Pleas, for till then it was uncertain whether it was a binding and valid award or not ; by that acceptance it became binding upon the parties, and the duty of the defendants in this action was created. What is that duty ? That *Clap* should perform the contract entered into by the bond—which was to pay to the plaintiff whatever sum should be awarded to him within 120 days after the making the award—which, as I have already observed, is 120 days after the acceptance ; the act of the court in accepting the award being necessary in this case to *make* it a binding award. It was the duty of the principal to have paid the actual sum awarded at the expiration of the 120 days ; the money has not been paid ; and the surety comes into this Court as a court of equity for relief

What is the equity of the case? Clearly that the plaintiff should re-cover the sum awarded and interest. But it is said that we cannot, against a surety, go beyond the penalty of the bond; and the case of *Stratton* vs. *Rastal* has been cited to prove it. That was a case where the equitable action for money had and received was brought to recover back money paid upon a consideration which failed, and it appeared in evidence that the surety had not, in fact, received a farthing of the money. The action was grounded wholly on an *implied promise*; and the court decided, and, undoubtedly, very justly decided, that the surety was not liable; and I agree that a surety is not, in any case, to be bound beyond the fair import and intention of his contract. In the case now under consideration, the surety has *expressly*, by an instrument under seal, bound himself to the plaintiff; there is no ambiguity in the words; but the expressions are positive, clear, and unequivocal. He knew that he [ * 320 ] had undertaken for * the performance of the award if one should be made against his principal; he knew the award was made, and what it was; these he certainly knew when the action on this bond was commenced, which was but a short time after the expiration of 120 days from its acceptance in the Court of Common Pleas; it then became his duty to see that it was per-formed; nor was that obligation suspended by the subsequent transactions in endeavoring to obtain a new trial; this Court has decided that delaying payment on application for a new trial is at the peril of the party delaying. But in going beyond the penalty of the bond, the Court do not go out of the contract; it is no more than the common case of a bond conditioned for the payment of money lying until the sum mentioned in the condition, with the in-terest of it, exceeds the penalty—in which cases the Court will give the excess as damages for the detention of the debt; in no case, however, going so far beyond the penalty as to exceed the legal in-terest on the penalty. At law the penalty is the debt; and for the detention of the debt, damages, either real or nominal, are always recoverable. The contract at law is to pay the penalty; if the de-fendants ask equity, they must do equity. Of the real equity of the case I have not a doubt; and that the plaintiff ought to recover the sum awarded with interest, after 120 days from the acceptance of the award in the Court of Common Pleas.

The judgment was accordingly entered up against both the de-fendants for 5000 dollars debt, and 1480 dollars 55 cents, damages, for the detention of the debt.

After the CHIEF JUSTICE had delivered his opinion, SEDGWICK, J., read (16) *Ch. Notes to B. Com. vol.* 2, *p.* 341, *edit.* 1800.    Inter-

est beyond the penalty of a bond may be recovered in a court of law, * in the shape of damages—2 *Term* [ * 321 ] *Rep.* 388—but it cannot be allowed beyond the penalty in a court of equity. 3 *Bro. C. C.* 489, 496.—2 *Vesey Jun.* 718.

*Parsons* for the plaintiff. *The Attorney-General (Sullivan)* foɪ the defendants.

NOTE.—See 2 *Com. Dig. Chancery,* 4 *D.* 6; 1 *Vern.* 196; *Lofft,* 555; *Doug.* 49, *White* vs. *Sealy & Al.*—6 *Term Rep.* 303, *Wilde* vs. *Clarkson.*—See, also, to prove that *bail* are not liable beyond the penalty, 7 *Term Rep.* 370, *Hoppel* vs. *King.*—8 *Term Rep.* 28, *Stevens* vs. *Cameron.*—1 *H. Bl.* 76, *Mitchell* vs. *Gibbons.*—See, also, 1 *East, Rep.* 436, *M'Clure* vs. *Dunkin.*—[*Smedes* vs. *Houghtaling,* 3 *Caines,* 48.—*Clark* vs. *Bush,* 3 *Cowen,* 158.—*Payne* vs. *Elbzey,* 2 *Wash.* 143.—*United States* vs. *Arnold,* 1 *Gal.* 348.—*Trimson* vs. *Plumer, S. C. Rep.* 498.—*Fairlee* vs. *Lawson,* 5 *Cow.* 424.— Sed vide *Bensall* vs. *Taylor,* 1 *M'Cord.* 503.—*Smith, Administrator,* vs. *Vanderhorst,* 1 *M'Cord.* 348.—*Carter* vs. *Carter,* 4 *Day,* 30.—*State of Maryland* vs. *Wayman,* 2 *Gill. and Johns.* 279.—ED.]